[No. B072849. Second Dist., Div. Four. Dec. 16, 1993.]

THE PEOPLE, Plaintiff and Respondent, v.
RUBEN ODELL BOULWARE, Defendant and Appellant.

## COUNSEL

Ellen M. Matsumoto, under appointment by the Court of Appeal, for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Carol Wendelin Pollack, Assistant Attorney General, Susan D. Martynec and Emilio E. Varanini IV, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

EPSTEIN, Acting P. J.—Appellant, Ruben Odell Boulware, appeals his conviction by jury verdict of three counts of second degree robbery (Pen. Code, § 211; all further code citations are to the Penal Code unless otherwise indicated) together with a five-year enhancement for a prior serious felony conviction (robbery) and a one-year enhancement for a prior prison term for possession of a controlled substance (Health & Saf. Code, § 11350) and burglary (§ 459).

### FACTUAL SUMMARY

Since the only issue raised on this appeal (other than in appellant's pro se supplemental brief) is a claim that appellant was denied his Sixth Amendment right to counsel at the felony preliminary hearing, a detailed discussion of the evidence at trial is not necessary.

Appellant was charged with three counts of robbery. On June 25, 1992, a public defender was appointed to represent appellant. The public defender represented defendant at arraignment, but on July 2, 1992, appellant's motion for in propria persona status was granted. (No challenge is made to the correctness of this ruling.) The preliminary hearing was held on July 8, 1992, the ninth day of the ten-day statutory period within which the preliminary hearing was required to be held. (§ 859b.) At the beginning of the hearing, appellant told the court that he was going to put his case "back in the hands of a state appointed attorney due to the fact that there are a lot of games around the road if I try to defend myself, me being in custody, an Afro American with little intelligence. [¶] I would ask you to put it in the hands of a state appointed attorney, letting you go on doing what you need to do to feel superior to me." The court asked appellant if he would agree to continue the preliminary hearing. Appellant answered, "I want to get it on right now. I have no objections to it being handled right now." The court denied appellant's request to appoint counsel and for the hearing, and stated, "[w]e will go ahead with your preliminary hearing today and I will note for the record that you have relinquished your pro per status and I'll have the public defender appointed to represent you and start preparation for your trial if you are held to answer." At the preliminary hearing the investigating officer testified pursuant to section 872, subdivision (b), enacted by Proposition 115 in 1990. Appellant was held to answer the pending charges for robbery.

Appellant was represented by counsel (the public defender) at trial. The prosecution presented witnesses who testified that appellant and another man entered three different Target stores and took merchandise, threatening to

shoot the store employees if they interfered. The jury found appellant guilty on all three counts.

## DISCUSSION

### I

■ Appellant argues that the magistrate denied appellant his Sixth Amendment right to counsel at the preliminary hearing. We do not agree.

There is no doubt that a defendant is entitled to be represented by counsel at a felony preliminary hearing. Appellant gave up that right. The issue is whether he had a constitutional right to change his mind on the day of the hearing, without advance notice to the prosecution, whose witness was at the hearing ready to testify. In *People* v. *Gallego* (1990) 52 Cal.3d 115 [276 Cal.Rptr. 679, 802 P.2d 169], our Supreme Court addressed the situation of a pro se defendant who sought appointment of counsel in midtrial of a capital case. The court held that the situation is similar to the one presented when a represented defendant decides at the last minute to proceed in propria persona. In neither case does the defendant have a right to change status and in both the matter rests in the sound discretion of the trial court. (*Id.* at pp. 163-164.) "[I]n the final analysis[, the court said,] 'it is the totality of the facts and circumstances which the trial court must consider in exercising its discretion as to whether or not to permit a defendant to again change his mind regarding representation in midtrial.' " (*Id.* at p. 164, citing *People* v. *Smith* (1980) 109 Cal.App.3d 476, 484 [167 Cal.Rptr. 303]; see also *People* v. *Windham* (1977) 19 Cal.3d 121, 124 [137 Cal.Rptr. 8, 560 P.2d 1187] [trial court's discretion whether defendant may dismiss counsel and proceed pro se after trial has commenced].) We believe the rule announced in *Gallego* applies to this case.

In this case, appellant changed his mind and requested representation late in the statutory period for a preliminary hearing, and after the prosecutor and prosecutorial witness were present for the hearing. The trial court was apparently willing to allow a continuance to accommodate appellant's request, but appellant indicated that he wanted to proceed with the hearing. Although, as appellant now suggests, the trial court could have appointed counsel and then found good cause (time for counsel to prepare) for a continuance over appellant's objections, we are not prepared to say in these circumstances the court abused its discretion in failing to do so. We conclude that the trial court did not abuse its discretion by conducting the preliminary hearing without providing counsel for appellant.

### II

■ Even if we were to agree with appellant that an abuse of discretion had occurred, we would be obliged to affirm the conviction.

Both appellant and respondent agree that the effect of error in this situation is tested under the standard of *Chapman* v. *California* (1967) 386 U.S. 18 [17 L.Ed.2d 705, 87 S.Ct. 824, 24 A.L.R.3d 1065]: the error is reversible unless harmless beyond a reasonable doubt.[1] The error in this case, if error it was, was harmless beyond any doubt.

Appellant presented his denial of counsel claim in a 995 motion to set aside the information. The court denied the motion, stating it did not think appellant had been prejudiced, noting that the preliminary hearing evidence was presented by police reports under Proposition 115. The court added that the only one who was "really prejudiced at this point is the attorney that picks up the file at this stage of the game."

Relying on *Coleman* v. *Alabama* (1967) 399 U.S. 1 [26 L.Ed.2d 387, 90 S.Ct. 1999], appellant argues that since the trial court did not articulate that the alleged error was harmless beyond a reasonable doubt, it failed to make its ruling on the correct constitutional standard. We disagree.

Appellant makes no showing that he was denied a fair trial or suffered prejudice. The effect of the preliminary hearing was to hold appellant to answer to the charges in the complaint. These were filed as the information. Appellant was represented by counsel at trial where the merits of the case were fully developed. Even now, appellant's counsel is unable to suggest how the trial was prejudiced, or even affected, by the preliminary hearing. We conclude that even if the magistrate had committed an abuse of discretion in not granting appellant's late request for counsel, such error was harmless beyond a reasonable doubt. It follows that the trial court's mere failure to articulate the appropriate standard does not warrant remand.[2]

---

[1]Compare *Arizona* v. *Fulminante* (1991) 499 U.S. 279 [113 L.Ed.2d 302, 111 S.Ct. 1246] (distinction between "structural defects" and other error); *People* v. *Pompa-Ortiz* (1980) 27 Cal.3d 519 [165 Cal.Rptr. 851, 612 P.2d 941] (irregularities in preliminary examination procedures reviewed under appropriate standard of prejudicial error).

[2]Appellant argues in his pro se supplemental brief that the trial court erred in not instructing the jury on the lesser included offense of grand theft. Although appellant is represented by counsel on this appeal we briefly address his pro se arguments to forestall a later claim of ineffectiveness of appellate counsel. Appellant's argument is without merit. The only offense proffered at trial was robbery. Appellant denied all allegations and put on no defense at trial. He was either guilty of robbery or no crime at all, thus no instruction on grand theft was required. (*People* v. *Geiger* (1984) 35 Cal.3d 510, 531-532 [199 Cal.Rptr. 45, 674 P.2d 1303, 50 A.L.R.4th 1055].) He also argues that the trial court impermissibly used his prior convictions to impose the upper term on the robbery conviction and then used the same prior convictions to impose enhancements. This argument also is without merit.

## DISPOSITION

The judgment is affirmed.

Vogel (C. S.), J., and Hastings, J., concurred.

A petition for a rehearing was denied January 18, 1994, and appellant's petition for review by the Supreme Court was denied March 31, 1994.